# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| Aaron Booth and Cody Turner, on | § | |
| Behalf of themselves and all others | § | |
| Similarly situated, | § | |
| Plaintiffs | § | Civil Action No. 3:18-cv-00104 |
| | § | |
| vs. | § | |
| | § | |
| Galveston County, et al., | § | |
| Defendants | § | |

# GALVESTON COUNTY'S OBJECTIONS TO U.S. MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION CONCERNING PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

Table of Contents ........................................................................................................ 2

Nature and Stage of Proceeding (Court Procedure 7(A)(2)) ................................. 3

Issues to be Ruled Upon ............................................................................................ 5

Standard of Review .................................................................................................... 6

Summary of the Argument ........................................................................................ 8

Argument and Authorities ......................................................................................... 9

      A.      The Appointment of Counsel to Indigent Felony Arrestees is a Judicial Act Performed by State District Court Judges ....................................... 9

      B.      The District Court Judges are State Officials, not County Officials…………………………………………………...………...12

      C.      The District Court Judge's Rule under the Fair Defense Act is a Judicial and not a Policy-making Function…………………………………………....13

      D.      Texas Separation of Powers Doctrine Prohibits the District Court Judges from being Policy-Makers for the County ................................... 16

      E.      Booth Failed to Meet his Injunction Evidentiary Standard as there is No Evidence the County Would Fail to Pay for Indigent Defendants' Counsel. 18

Prayer ....................................................................................................................... 19

Certificate of Service ............................................................................................... 20

# I.    <u>Nature and Stage of Proceeding (Court Procedure 7(A)(2))</u>

This suit was filed on April 8, 2018 by Plaintiff Aaron Booth, individually and on behalf of others similarly situated, against Galveston County, Galveston County's District Court Judges, Galveston County's Court at Law Judges, Galveston County Magistrates, and Jack Roady, as Galveston County's elected District Attorney. Plaintiff voluntarily dismissed his claims against the Galveston County Court at Law Judges on September 7, 2018. Dkt. 93.

Plaintiff, who was arrested on state-jail felony drug charges, alleges he and a putative class are entitled to class certification relating to declaratory and injunctive relief that issuance of an unaffordable secured money bail order without meeting certain procedural preconditions violates equal protection and due process rights. Dkt. 31 at p.36. More recently, Plaintiff claimed he was denied his 6th Amendment right to counsel at the initial (probable cause) hearing. Dkt. 205.

On December 10, 2018, U.S. Magistrate Judge Andrew M. Edison issued his Memorandum and Recommendation to dismiss the Magistrate Defendants in their official capacities, dismiss the District Court Judges in their individual capacities, and deny the remainder of Defendants' motions to dismiss ("Dismissal Recommendation"). Dkt. 151. U.S. District Court Judge George C. Hanks, Jr. adopted the Dismissal Recommendation without analysis on January 10, 2019. Dkt. 165.

On January 22, 2019, the Court held a hearing on Plaintiff's Motions for Class Certification and Preliminary Injunction.  On January 28, 2019, the Court heard final closing arguments on these motions.  On March 12, 2019, the Court issued its Memorandum and Recommendation relating to Plaintiff's request for Class Certification ("Class Recommendation").  Dkt. 213.  On March 28, 2019, U.S. District Court Judge George C. Hanks, Jr. adopted the Class Recommendation and issued his Order certifying a class.  Dkt. 227.

The Defendants petitioned the Court of Appeals for the Fifth Circuit to accept an interlocutory appeal regarding the class certification order.  The Fifth Circuit has granted leave to appeal the class certification order.  The Defendants have fully briefed the Fifth Circuit on the merits.  (See Dkt. 264 exhibits 1-3).

On August 7, 2019, the Court issued its Memorandum and Recommendation concerning two separate motions for preliminary injunction filed by Plaintiff Aaron Booth ("Booth") Dkt. 267.  These Objections relate to rulings on Plaintiff's Motions for Preliminary Injunction. (Dkt. 3-1 and 205) and are timely filed within 14 days of the Memorandum and Recommendation.

## II.   Issues to be Ruled Upon and Standard of Review

### A.   Issues to be Ruled Upon

1.    The Injunction Recommendation would improperly order the County to appoint counsel for indigent defendants, an act the County lacks legal authority to do.

2.    The authority to appoint counsel in felony cases belongs exclusively to the state District Court Judges by state statute, and District Court Judges are not county officers or employees.

3.    The appointment of counsel to indigent defendants, and particularly when to appoint counsel, is a judicial function.

4.    The Separation of Powers Doctrine in the Texas Constitution prohibits the District Court Judges from being policy-makers for the County.

5.    The Recommendation improperly concludes Plaintiff met his burden on injunctive relief even though there is no evidence in the record that the County would refuse to pay counsel for indigent defendants if counsel were appointed earlier.

**B.     Standard of Review**

To obtain preliminary injunctive relief, Booth has the burden of demonstrating (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that his threatened injury outweighs the threatened harm to those he seeks to enjoin; and (4) that granting the preliminary injunction is in the public's interest. *See PCI Transp., Inc. v. Fort Worth & W.R. R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005). If Booth fails to carry the burden "on any one of [these] four prerequisites, a preliminary injunction may not issue, and if issues, will be vacated." *Anderson v. Douglas & Lomaso Co.*, 835 F.2d 128, 133 (5th Cir. 1988) (internal quotation marks and citation omitted).

The United States Supreme Court and the Fifth Circuit have cautioned repeatedly that a preliminary injunction is a powerful remedy to be used sparingly in cases with a set of extraordinary circumstances. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S., 7, 22 (2008) ("injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (citation omitted); *ODonnell II,* 892 F.3d at 155 ("Injunctive relief is a drastic remedy, not to be applied as a matter of course" (internal quotation marks and citation omitted); *Holland Am. Inc. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Injunctive relief is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden

of persuasion.") (citation omitted). Even if Booth establishes all four prerequisites to an injunction, the decision to grant or deny a preliminary injunction remains discretionary with the district court. *See Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985. Nevertheless, Booth must still establish all four prerequisites. *Anderson* at 133.

If a party timely objects to a Magistrate Judge's recommendations of findings, the Court must determine, de novo, any part of the objectionable portions of the recommendations or findings. 28 U.S.C. §636(b)(1); *Fed. R. Civ. P.* 72(b)(3). The Court may then accept, reject, or modify the recommendations or findings in whole or in part. 28 U.S.C. §636(b)(1); *Fed. R. Civ. P.* 72(b)(3). The Court may also receive additional evidence or return the matter to the Magistrate Judge with instructions. 28 U.S.C. §636(b)(1); *Fed. R. Civ. P.* 72(b)(3).

## SUMMARY OF THE ARGUMENT

Galveston County objects to Legal Analysis Part C, pp. 17-41 and the Preliminary Injunction, pp. 41-43, as well as the related portions of the Memorandum and Recommendation regarding the 6th Amendment right to counsel.

The Injunction Recommendation incorrectly determines that the state District Judges are policy-makers for the County, that the District Judges did, in fact, make County policy, and that the County is the proper party to be enjoined with respect to whether, when, and how counsel for indigent felony defendants are appointed. The Recommendation erroneously recommends an injunction that "Galveston County must provide any indigent felony arrestees with counsel to represent the arrestee at the initial hearing concerning conditions of pre-trial release." But state statutes, Tex. Code of Crim. P. art. 1.051 and 26.04, give the exclusive authority of whether, when, and how to appoint counsel for indigent felony defendants to state District Court Judges, who are not county policymakers as a matter of law.

The District Judges are state officials, not county officials. The Recommendation further ignores the Texas State Constitution Art. II and the Texas Supreme Court doctrine of Separation of Powers, which prohibit District Court Judges from controlling County policy and likewise prohibits the County from directing the District Judges on discharging their duties.

Further, the Recommendation ignores Fifth Circuit precedent holding that Texas District Court Judges act in their judicial capacity, and not policy-making capacity, in appointing counsel for indigent defendants.[1]

## ARGUMENT

### A. The Appointment of Counsel to Indigent Felony Arrestees is a Judicial Act Performed by State District Court Judges.

In *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 227 (5th Cir. 2009), the Fifth Circuit clearly held that District Court Judges act in their judicial capacity on behalf of the state, not as policy makers for the county, when appointing counsel for indigent criminal defendants, and the county "may not be held liable for those acts." The Fifth Circuit stated:

> We have held that under Texas law, "[a] local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county." *Krueger v, Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) (citations omitted); *see also Clanton v, Harris County; Tex.* 893 F.2d 757, 758 (5th Cir., 1990) ("Texas district judges act for the state in appointing

---

[1] The Recommendation infers that Galveston County did not oppose Plaintiff's Preliminary Injunction Requiring Counsel at Initial Bail Hearings. See Dkt. 267, p. 17, footnote 7. This inference is incorrect. Galveston County briefed this issue when it first arose in the Memorandum and Recommendation which recommended that both of Galveston County's Motions to Dismiss be denied. Dkt. 151. Galveston County filed its objections to that Recommendation and fully briefed the court on why District Court Judges are not policy makers for the County. Dkt. 154, pp. 19-23. Additionally, the issue was addressed with the Court at the motion to dismiss hearing repeatedly throughout the hearing by Galveston County. On page 88, counsel for Galveston County even informed the Court that the State of Texas, and not Galveston County, should be the proper party as the County lacked authority to instruct the District Court Judges. At the preliminary injunction hearing, the Court heard uncontroverted testimony from County Judge Mark Henry that the County does not have the statutory authority to appoint counsel for indigent defendants. Dkt. 184, p. 337. Again, in closing, counsel briefed the Court that the County has no authority as to whether, when and how to appoint counsel for indigent defendants. Dkt. 202, pp. 99-103.

counsel for indigent criminal defendants" and the county is not responsible under § 1983 for their actions in this regard.:); *Hamill v,. Wright*, 870 F,2d 1032, 1037 (5th Cir. 1989) (stating that Texas law makes only state court judges responsible for appointing attorneys for indigent criminal defendants" and "[a] county can exercise no authority over state court judges, as the latter are not county officials"); *Clark v. Tarrant County,* 798 F.2d 736, 744 (5th Cir. 1986) (stating that Texas district judges "are undeniably state elected officials").  As discussed above, the act of selecting applicants for inclusion on a rotating list of attorneys eligible for court appointments is inextricably linked to and cannot be separated from the act of appointing counsel in a particular case, which is clearly a judicial act under Texas law, *See Clanton,* 893 F.2d at 758; *Hamill*, 870 F.2d at 1037,  Because the defendant judges acted in their judicial capacities in selecting applicants for inclusion on the rotating list of attorneys eligible for felony court appointments in Tarrant County pursuant to their obligations under the Texas Fair Defense Act, Tarrant County may not be held liable for those acts.

*Davis* at 227.

The Fifth Circuit's holding in *Davis* is sufficient on its face to conclude that the Magistrate Judge's memorandum and recommendation erred in its conclusion that "Because the District Court Judges were acting as policymakers for Galveston County in determining when indigent defendants receive counsel, their actions can subject Galveston County to liability under Section 1983." Dkt. 267 at pp. 18-19.

The memorandum and recommendation's reliance on *ODonnell v. Harris Cty.,* 892 F.3d 147 (5th Cir. 2018) ("*Odonnell II*") on this issue is misplaced for at least two reasons.  First, *ODonnell II* dealt with misdemeanor defendants, 892 F.3d at 152, and misdemeanors are presided over by County Court Judges, not District

Court Judges, *Estrada v. State*, 148 S.W.3d 506, 508 (Tex. App.—El Paso 2004, no

pet.) ("County courts at law have jurisdiction over misdemeanor offenses"). To the

extent it remains within the realm of legitimate debate that County Court at Law

judges are county officials, the same cannot be said of District Court Judges. *See*

Such other courts, 36 Tex. Prac., *County And Special District Law* § 22.13 (2d ed.).[2]

Second, in finding that the County Court at Law judges were municipal

policymakers, *ODonnell II* relies on a statute that is specific to Harris County, with

no application in Galveston County or anywhere else. 892 F.3d at 153 (citing Tex.

Gov't Code § 75.403(f) (titled "Presiding Judge for Certain Harris County Courts").

Based on *Davis*,[3] there are two independent reasons to conclude that District

Court Judges are not county policymakers in appointing indigent defense counsel in

felony cases. First, the District Court Judges are state actors. *Davis*, 565 F.3d at 227

("defendant judges acted on behalf of the State of Texas, not Tarrant County").

---

[2] "In short, it is widely presumed that the judges of all statutory courts are county officials. However, there is the ugly possibility that these judges are neither county nor district officers but exist in a type of limbo. The status as county officials of judges of county courts-at-law and other statutory courts may simply be established by the fact that such courts are referred to as "county" court such-and-such, or the special court of a specifically named county, although this has never been definitively stated in any opinion. If the legislature were to create a special court without specifically naming it a county court or a court of a certain county the status of such judge would be more uncertain. He would certainly not be considered a state official and may or may not be considered a county official. The use of the word "county" in the creation of special courts and the fact the courts are generally established on a county-by-county basis probably is sufficient to make these judges county officials."

[3] The *ODonnell II* panel cannot overrule *Davis*, supra, in light of the United States Court of Appeal for the Fifth Circuit rule of orderliness. *See Vaughn v. Anderson*, Reg'l. Med. Ctr., 84 F.3dm 588, 591 (5th Cir. 2017).

Second, District Court Judges act in their judicial capacities, and not in a county policymaking capacity, in discharging their obligations under the Texas Fair Defense Act. *Id.* ("Because the defendant judges acted in their judicial capacities in selecting applicants for inclusion on the rotating list of attorneys eligible for felony court appointments in Tarrant County pursuant to their obligations under the Texas Fair Defense Act, Tarrant County may not be held liable for those acts.").

### B. The District Court Judges are State Officials, not County Officials

As the Fifth Circuit concluded in *Davis*, District Court Judges are state officials, not county officials. Judicial Districts are divisions of the state, not coextensive with counties. Tex. Const. art. V § 7. Some Counties, like Galveston, contain more than one judicial district. *E.g.*, Tex. Gov't Code § 24.614 (creating 306th Judicial District in Galveston County); § 25.550 (creating 405th Judicial District in Galveston County). Some Judicial districts encompass more than one county. Tex. Gov't Code § 24.453 (creating 276th Judicial District in Camp, Marion, Morris, and Titus Counties).

District Judges are not county employees. District Judges are not entitled to receive county employment benefits. Op. Tex. Att'y Gen. No. LO-95-056 (1995). Their salaries are primarily paid by the state. Tex. Gov't Code § 569.012 (setting district judge salaries within Subtitle B titled "State Officers and Employees."). Because they are not county officers, District Judges receive their legal defense from

the Attorney General rather than the County, which is consistent with the state's representation of the District Judges in this very case. Op. Tex. Att'y Gen. No. JC-0047 (1999) ("A state district judge is not a county officer or employee" and therefore not entitled to a defense funded by the county).

### C.   The District Court Judge's Role under the Fair Defense Act is a Judicial and not a Policymaking Function.

Plaintiff's request for a preliminary injunction is not proper against Galveston County because the District Court Judges act in a judicial capacity in appointing counsel for indigent arrestees.  To the extent that the District Court Judges would be enjoined as "officers, employees, [or] agents of Galveston County," this Court should refuse to allow Plaintiff to bypass §1983's prohibition against such an injunction.

In order for Galveston County to be liable under §1983, Plaintiff must point to a policy that is *attributable* to Galveston County.  *See Los Angeles Cnty., Cal v, Humphries* 562 U.S. 29, 37 (2010); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).  This is true even where only injunctive relief is sought. *Cain v, City of New Orleans*, No, Civil Action No.: 15-447m 2016 WL 28449498, at *6 (E.D. La. May 13, 2016) ("*Monell's* principles apply to all section 1983 claims against municipal defendants, regardless of whether the plaintiff seeks money damages or prospective relief.") (citing *Humphries*, 652 U.S. at 36-37.).  In this case there is no policy attributable to Galveston County.

13

The Recommendation is legally incorrect for several reasons.  First, the policies at issue are judicial acts over which Galveston County has no control (and for which, under §1983, injunctive relief is unavailable).  *Bigford v. Taylor*, 834 F.2d 1213, 1221 (5th Cir. 1988); *Briscoe v. Familias Unidas,* 619 F.2d 391 (5th Cir. 1980); *Eggar v. City of Livingston,* 40 F.3d 312, 316 (9th Cir. 1994).  In *Eggar*, the court found declaratory and injunctive relief was inappropriate against the City of Livingston because the City has no control over the state judicial functions of District Court Judge Travis.  "Thus, declaratory or injunctive relief against the City cannot achieve the desired goal of having Judge Travis cease his alleged unconstitutional conduct."  *Eggar* 40 F.3d at 317; *see also Harris v. City of Austin,* No. A-15-CA-956-SS 2016 WL 1070863 (W.D. Tex. March 16, 2016) (dismissing claims against the City of Austin because the City of Austin could not be liable for judicial conduct).  The same reasoning applies here: Galveston County has no control over the judicial function of establishing when, whether or how counsel for indigent arrestees are appointed. Therefore, an injunction against Galveston County would be "utterly meaningless."  *See Okpalobi v. Foster* 244 F.3d 405, 426-27 (5th Cir. 2001) (reversing entry of an injunction on redressability grounds because the defendants "have no power to redress the asserted injuries.").

Second, the Texas Legislature has established the public policy that District Court Judges have the decision-making capacity of deciding when, whether and how

counsel for indigent arrestees are appointed.  *See* TEX. CODE CRIM. P. arts. 1.051 and 26.04.  Even if ordered to do so, the County lacks the legal authority to appoint counsel.  Furthermore, unlike Harris County's record in *ODonnell*, the record now before this court establishes (as this court has recognized) that Galveston County has consistently complied with Texas law.  It is the Texas Legislature through statutes which have guided local government officials through Constitutional standards.[4]

Finally, the appointment of counsel for indigent felony arrestees is a judicial function belonging exclusively to District Court Judges.   As such, it is not appropriate for §1983 prospective relief.

Because §1983 bars injunctive relief against judicial officers acting in a judicial capacity, "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §1983.  Plaintiff is not entitled to injunctive relief, even a preliminary injunction, because Plaintiff does not allege violation of a declaratory

---

[4] On September 1, 2017, application of Texas Senate Bill 1913 effected changes to 29 sections of the Texas Code of Criminal Procedure that provided greater protections to arrestees.  Effective September 1, 2019, Tex. Code Crim. Proc. Art. 26.04 will provide greater protections to pretrial detainees regarding prompt appointment of counsel.  Effective January 1, 2020, Texas Code Crim. Proc. Art 26.05 modifies the procedures regarding compensation of court appointed counsel. These Legislative actions clearly demonstrate the State of Texas has aggressively passed laws that provide guidance to officials in performing their duties within the confines of constitutional protections, so the recommended injunction is unnecessary.

decree.   Nor is declaratory relief "unavailable."   *MacPherson v. Town of Southampton*, 664 F.Supp.2d 203, 211-12 (E.D.N.Y. 2009).

More recently, this Court in *Richardson v.* Gardner, U.S. Dist. Lexis 116902 (July 13, 2018) acknowledged this legal truth when it wrote:

> A judge is entitled to absolute immunity from a claim for damages when the claim arises out of acts performed in the exercise of judicial functions *Davis v. Tarrant County, Texas,* 565 F.3d 214, 221 (5th Cir. 2009).  Moreover, federal courts have no authority §to direct state courts or their judicial offices in the performance of their duties."  *LaBranche v Becnel*, 559 F, App'x. 290 (5th Cir., 2014).

*Richardson* at p. 4, footnote 1.

**D.    Texas Separation of Powers Doctrine Prohibits the District Court Judges from being Policy-Makers for the County.**

The legislative authority of counties, acting through their Commissioners Courts in Texas, is established in the Texas Constitution Art V, §18.  County powers are distinct from the powers of District Judges, and neither may exercise the other's authority.

This federalist division of governmental power was recently explained by the Texas Supreme Court in *Henry v. Cox*, 520 S.W. 3d 28 (Tex. 2017).  In that case, District Court Judge (Cox) sought to dictate county legislative policy to the Commissioners Court.  Judge Cox sought to make county policy by issuing an order instructing Galveston County what to pay a specific county employee by the exercise

of his "supervisory" authority over the Commissioners Court.  *See,* Tex. Const. art.

V, §8.  In deciding against Cox, the Texas Supreme Court reasoned:

> [T]he judiciary's constitutionally conferred supervision over a commissioner's court is not boundless.  When exercising what the Constitution calls "general supervisory control," a court may not usurp legislative authority by substituting its policy judgment for that of commissioner's court acting as a legislative body.  Instead, it can only set aside decisions or actions which are illegal, unreasonable, or arbitrary – "but there the power of the court ends." (citations omitted.) *Henry* at 16-17.

Then, the Texas Supreme Court re-examined its earlier decision in *Ector Cnty*

*v. Stringer*, 843 S,W, 2d 477, 479 (Tex. 1992) when it wrote, "[i]n short, the district

court may order the commissioners court to exercise its discretion, but cannot tell

the commissioners what decision to make" *Henry* at 16.  The Texas Supreme Court

summed up the Separation of Powers Doctrine thusly,

> "[O]ur ingenious constitutional design features 'three distinct departments,' none of which 'shall exercise any power properly attached to either of the others.'  In fact, the Texas Constitution takes Madison a step further by including, unlike the Federal Constitution, an explicit Separation of Powers provision to curb overreaching and to spur rival branches to guard their prerogatives. This stand alone provision 'present in every Texas Constitution since 1845,' curbs judicial power surely as it curbs the County, **the County may not instruct the District Court Judges on how they exercise judicial authority.**

*Henry* at 17 (emphasis added).

In *Henry*, the Texas Supreme Court made clear that the commissioners court

is the policy making body for Galveston County – not the District Court Judges.

And, it stands to reason, just as the District Court Judges may not make policy for the County, the County may not direct the District Court Judges on how they must exercise judicial authority.

Accordingly, the Recommendation ignores the Separation of Powers in the Texas Constitution by opining the District Court Judges have policy making authority in Galveston County when they exercise what the Fifth Circuit and this court have clearly defined "a judicial act."

**E.      Booth Failed to Meet his Injunction Evidentiary Standard as there is No Evidence the County Would Fail to Pay for Indigent Defendant's Counsel.**

While settling out the correct evidentiary standard and prerequisites for obtaining an injunction, the Recommendation improperly shifts the evidentiary burden of proof onto Galveston County.  As has been previously briefed, the District Court Judges alone have sole jurisdiction to appoint counsel for indigent defense counsel.  Supra at A and B.  Galveston County's only responsibility is to pay appointed counsel.  There is absolutely no evidence in the record that the County would refuse to do its part and pay appointed counsel.  None.  Consequently, Booth has failed to meet his burden – to show a substantial threat of suffering an irreparable injury fairly traceable to the conduct of the County.  Accordingly, the injunction may not issue.  *Anderson* at 133.

## PRAYER

Galveston County adopts by reference the objections filed by the District Court Judges and the District Attorney.  For the reasons set out herein, Defendants respectfully ask the Court to sustain these objections to the Preliminary Injunction and refuse to issue an injunction.

Defendants ask for any and all other relief to which they may be entitled, at equity or law.

Respectfully submitted,

THE NIXON LAW FIRM PC

s/ *Joseph M. Nixon*
Joseph M. Nixon
Federal Bar No. 1319
State Bar No. 15244800
joe@nixonlawtx.com
6363 Woodway, Suite 800
Houston, TX 77057
Tel: 713-550-7535

Paul A. Ready
Ready Law Firm, PLLC
1300 McGowen St., Suite 120
Houston, TX  77004

William S. Helfand
Norman Ray Giles
Lewis Brisbois Bisgaard & Smith
24 Greenway Plaza, Suite 1400
Houston, TX  77046

**ATTORNEY FOR DEFENDANTS**

19

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 21, 2019, a true and correct copy of the foregoing was served on counsel for all parties via CM/ECF.

<u>/s/ Joseph M. Nixon</u>
Joseph M. Nixon