IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **Aaron Booth and Cody Tucker, on** | § | |
| **behalf of themselves and all others** | § | |
| **similarly situated,** | § | |
|    Plaintiffs, | § | **Civil Action No. 3:18-cv-00104** |
| | § | |
| **vs.** | § | |
| | § | |
| **Galveston County, et al.,** | § | |
|    Defendants. | | |

**OBJECTIONS TO U.S. MAGISTRATE JUDGE'S MEMORANDUM AND
RECOMMENDATION CONCERNING PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................... iv

I.      Nature and Stage of Proceeding (Court Procedure 7(A)(2)) .................................... 1

II.     Issues to be Ruled Upon and Standard of Review .................................................... 3

        A.      Issues to be Ruled Upon ................................................................................ 3

              i. There is no likelihood of success on the merits with respect to the PI Recommendation on the Sixth Amendment issue, because initial appearances in Galveston County are not a critical stage

                  1.      The facts do not support a finding that initial appearances at Galveston County jail are a critical stage

                  2.      The definition of a critical stage does not comport with initial appearances at Galveston County jail

                  3.      An initial appearance in Galveston County jail is not a trial-like confrontation, does not reduce trial to a mere formality, and does not settle the accused's fat.

              ii. There is no likelihood of success on the merits with respect to the PI Recommendation on the Sixth Amendment issue, as there is no substantial threat of irreparable injury

              iii. The injunction disserves the public interest by requiring that indigent felony arrestees have defense counsel at initial appearance, creating an impediment to earlier opportunities for initial appearances than non-indigent arrestees

              iv. The lawsuit does not include municipalities as defendants, and thus the PI Recommendation must be clarified to state it does not apply to municipal magistrations conducted outside of Galveston County jail, or for those arrested on warrants.

              v. The PI Recommendation erroneously conflates unaffordability with indigency

              vi. The PI Recommendation erroneously includes relief for an unasserted violation of the Fifth Amendment right against self-incrimination

|   |   |   |   |
|---|---|---|---|
|   | B. | Standard of Review ................................................................................... | 4 |

SUMMARY ........................................................................................................................ 5

ARGUMENT ..................................................................................................................... 6

| I. | There is no likelihood of success on the merits because initial appearances in Galveston County are not a critical stage .................................................. | 6 |
|---|---|---|
| II. | There is no likelihood of success on the merits with respect to the PI Recommendation on the Sixth Amendment issue, as there is no irreparable harm. ....................................................................................................................... | 8 |
| III. | The injunction requires that indigent felony arrestees have defense counsel at initial appearance, meaning indigent felony arrestees may miss earlier opportunities for initial appearances .................................................................. | 10 |
| IV. | The lawsuit does not include municipalities as defendants, and thus the PI Recommendation must be clarified to state it does not apply to municipal magistrations conducted outside of Galveston County jail, or to warrant arrests ........................................................................................................................ | 10 |
| V. | The PI Recommendation erroneously conflates unaffordability with indigency .................................................................................................................. | 11 |
| VI. | The PI Recommendation erroneously includes relief for an unasserted violation of the Fifth Amendment right against self-incrimination ....................... | 11 |

PRAYER ........................................................................................................................... 12

# INDEX OF AUTHORITES

Cases

*Anderson v. Douglas & Lomason Co.*, 835 F.2d 128 (5th Cir. 1988) ................................. 4

*Argersinger v. Hamlin*, 407 U.S. 25 (1972) ........................................................................ 6

*Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250 (5th Cir. 2009) ....... 4

*Burdine v. Johnson*, 262 F.3d 336 (5th Cir. 2001) .............................................................. 6

*Estelle v. Smith*, 451 U.S. 454 (1981) ........................................................................... 11, 12

*Green v. State*, 872 S.W.2d 717 (Tex. Crim. App. 1994) ................................................ 7, 8

*Hamilton v. Alabama*, 368 U.S. 52 (1961) .......................................................................... 6

*Lopez v. Roark*, 560 Fed. Appx. 809 (10th Cir. 2014) ........................................................ 5

*Martinez v. Mathews*, 544 F.2d 1233 (5th Cir. 1976) ......................................................... 5

*Massiah v. U.S.*, 377 U.S. 201 (1964) ................................................................................. 6

*Miranda v. Arizona*, 384 U.S. 436 (1966) ........................................................................ 11

*Missouri v. Frye*, 566 U.S. 134 (2012) ............................................................................... 6

*Roark v. Individuals of Fed. Bureau of Prisons*,
    558 Fed. Appx. 471 (5th Cir. 2014) ............................................................................... 5

*Rothgery v. Gillespie County*, 554 U.S. 191 (2008) ........................................................... 7

*U.S. v. Ash*, 413 U.S. 300 (1973) ........................................................................................ 7

*U.S. v. Wade*, 388 U.S. 218 (1967) ..................................................................................... 6

Statutes and Rules

28 U.S.C. § 636(b)(1) .......................................................................................................... 4

FED. R. CIV. P. 72(b)(3) ................................................................................................... 4

TEX. CODE CRIM. PROC. art. 15.17 ............................................................................ 6, 7, 8

U.S. CONST. amend. VI ................................................................................................ 11

I. **Nature and Stage of Proceeding (Court Procedure 7(A)(2))**

This suit was filed on April 8, 2018 by Plaintiff Aaron Booth, individually and on behalf of others similarly situated, against Galveston County, Galveston County's District Court Judges, Galveston County's Court at Law Judges, Galveston County Magistrates, and Jack Roady, as Galveston County's elected District Attorney ("Roady," or the "District Attorney"). Plaintiff filed his First Amended Complaint on May 4, 2018, before any responsive pleadings were filed, and dismissed his claims against the Galveston County Court at Law Judges.

Plaintiff, who was arrested on state-jail felony drug charges, alleged he and a putative class are entitled to declaratory relief and injunctive relief that issuance of an unaffordable secured money bail order without meeting certain procedural preconditions violates equal protection and due process rights. Dkt. 31 at p.36.

On December 10, 2018, U.S. Magistrate Judge Andrew M. Edison issued his Memorandum and Recommendation to dismiss the Magistrate defendants in their official capacities and the District Court Judges in their individual capacities, and to deny the remainder of Defendants' motions to dismiss ("Dismissal Recommendation"). Dkt. 151. U.S. District Court Judge George C. Hanks, Jr. adopted the Dismissal Recommendation without analysis on January 10, 2019. Dkt. 165.

On January 22, 2019, the Court held a hearing on Plaintiff's Motions for Class Certification and Preliminary Injunction. On January 28, 2019, the Court heard final closing arguments on these motions. The parties filed proposed findings and conclusions on February 15, 2019. Dkt. 200, 201. On February 22, 2019, Plaintiff filed a separate

motion for preliminary injunctive relief seeking the appointment of counsel for all felony arrestees at initial bail hearings ("Motion for PI on the Sixth Amendment"). Dkt. 205.

On March 12, 2019, the Court issued its Memorandum and Recommendation relating to Plaintiff's request for Class Certification ("Class Recommendation"). Dkt. 213. Defendants filed objections to the Class Recommendation (Dkt. 226), and U.S. District Court Judge George C. Hanks, Jr. adopted the Class Recommendation on March 28, 2019. Dkt. 227. Separate petitions for permissive appeal were filed from this order, and the Fifth Circuit granted the requests to appeal. Class certification and jurisdictional challenges are currently pending in cause number 19-40395 before the Fifth Circuit ("Class Appeal"). Defendants have filed their opening briefs in the Class Appeal, and Plaintiff's brief is due on September 5, 2019.

On April 3, 2019, the District Court Judges and District Attorney filed responses to the Motion for PI on the Sixth Amendment. Dkt. 234, 235. On April 12, 2019, Plaintiff filed supplemental proposed findings and conclusions. Dkt. 241. Defendants filed supplemental proposed findings and conclusions on April 23, 2019. Dkt. 245. The Court suspended all pending deadlines on July 16, 2019. Dkt. 263.

On August 7, 2019, U.S. Magistrate Judge Andrew M. Edison issued his Memorandum and Recommendation on the Plaintiff's motions for preliminary injunctive relief ("PI Recommendation"). Dkt. 267. Judge Edison recommended (1) denying Plaintiff's request for injunctive relief requesting prompt hearings into the ability to pay (including advance written notice of the critical questions, and reasoned written findings by clear-and-convincing evidence that secured money bail is the least restrictive means of

achieving the government's interest in securing the defendant's return to court), and (2) granting Plaintiff's request for a preliminary injunction requiring defense counsel for indigent felony arrestees at initial hearings that concern conditions of pretrial release. Dkt. 267. These Objections relate to the PI Recommendation relating to Plaintiff's Motion for PI on the Sixth Amendment (Dkt. 267, Dkt. 205), and are timely filed within 14 days of the PI Recommendation.

## II. Issues to be Ruled Upon and Standard of Review

### A. Issues to be Ruled Upon

i. There is no likelihood of success on the merits with respect to the PI Recommendation on the Sixth Amendment issue, because initial appearances in Galveston County are not a critical stage.

1. The facts do not support a finding that initial appearances at Galveston County jail are a critical stage.

2. The definition of a critical stage does not comport with initial appearances at Galveston County jail.

3. An initial appearance in Galveston County jail is not a trial-like confrontation, does not reduce trial to a mere formality, and does not settle the accused's fate.

ii. There is no likelihood of success on the merits with respect to the PI Recommendation on the Sixth Amendment issue, as there is no substantial threat of irreparable injury.

iii. The injunction disserves the public interest by requiring that indigent felony arrestees have defense counsel at initial appearance, creating an impediment to earlier opportunities for initial appearances than non-indigent arrestees.

iv. The lawsuit does not include municipalities as defendants, and thus the PI Recommendation must be clarified to state it does not apply to municipal magistrations conducted outside of Galveston County jail, or for those arrested on warrants.

3

> v. The PI Recommendation erroneously conflates unaffordability with indigency.
>
> vi. The PI Recommendation erroneously includes relief for an unasserted violation of the Fifth Amendment right against self-incrimination.

### B. Standard of Review

If a party timely objects to a Magistrate Judge's recommendations or findings, the Court must determine, de novo, any part of the objectionable portions of the recommendations or findings. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court may then accept, reject, or modify the recommendations or findings, in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court may also receive additional evidence or return the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

A preliminary injunction is an extraordinary remedy that cannot be granted unless a party carries the burden of persuasion on each of four requisite elements: (1) substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury without an injunction, (3) that such injury outweighs the harm to the enjoined party, and (4) that an injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009). Failure to meet the burden on any of these elements requires denial of Plaintiff's request for injunctive relief. *Anderson v. Douglas & Lomason Co.*, 835 F.2d 128, 133 (5th Cir. 1988).

Mandatory injunctive relief that alters the status quo, such as Plaintiff's request for defense counsel at initial appearance, is "particularly disfavored, and should not be issued

unless the facts and law clearly favor the moving party." *Roark v. Individuals of Fed. Bureau of Prisons*, 558 Fed. Appx. 471 (5th Cir. 2014) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)). To upend the status quo, a heightened showing of the preliminary injunction elements must be met. *Lopez v. Roark*, 560 Fed. Appx. 809, 812 (10th Cir. 2014).

## SUMMARY

A mandatory preliminary injunction imposing the assignment of counsel at a first appearance should not issue. Initial appearances in Galveston County jail are not a critical stage requiring counsel under the Sixth Amendment. These appearances are not the trial-like confrontations, hearings or events which have the impact of reducing trial to a mere formality, and do not settle the accused's fate. Rather, an accused is informed of the charges, advised of their rights, including their Fifth Amendment right to remain silent, and bail is set by a magistrate based upon all information before them, including any financial information provided by the accused. Nor should injunctive relief issue, as there is no substantial threat of irreparable injury, as counsel is provided for bail review hearings after initial appearances within 48 hours of arrest, if an accused is still in custody.

The PI Recommendation erroneously creates a critical stage by inserting defense counsel, and thus prosecutors as well, into an administrative and simple initial appearance (though the District Attorney does not contend prosecutors must be present for an event to be a critical stage). The PI Recommendation equates an initial bail setting with a critical stage, erroneously conflates unaffordability of bail with indigency for purposes of appointment of counsel, and requires indigent arrestees to remain detained until defense

5

counsel can appear; thus potentially causing indigent felony arrestees to remain detained longer. The PI Recommendation must also be clarified, as it can impose no obligation on outlying municipalities or affect warrant arrestees' preexisting bail orders. The PI Recommendation also erroneously conflates Fifth Amendment violations with a Sixth Amendment right to counsel. On this record, the drastic remedy of mandatory injunctive relief should not issue.

## ARGUMENT

### I. There is no likelihood of success on the merits because initial appearances in Galveston County are not a critical stage.

The District Attorney objects to the PI Recommendation with respect to the Sixth Amendment issue, because an initial appearance at the Galveston County jail (also referred to as an Article 15.17[1] appearance) fails the critical-stage test under the facts and the law. The facts do not support a finding that an initial appearance at the Galveston County jail is a critical stage, and the legal analysis for determining whether a critical stage occurs does not comport with initial appearances at the Galveston County jail.

A critical stage, for purposes of a Sixth Amendment analysis, includes trial, arraignments, post-indictment interrogations or lineups, and the entry of a guilty plea. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citing *U.S. v. Wade,* 388 U.S. 218, 227–228 (1967) (post-indictment lineup); *Hamilton v. Alabama,* 368 U.S. 52 (1961) (arraignment); *Massiah v. U.S.,* 377 U.S. 201 (1964) (post-indictment interrogation); *Argersinger v.*

---

[1] TEX. CODE CRIM. PROC. art. 15.17.

*Hamlin,* 407 U.S. 25 (1972) (guilty plea). Critical stages often occur when evidence is presented against a defendant. *Burdine v. Johnson*, 262 F.3d 336, 347 (5th Cir. 2001). While critical stages do not just occur at trial, a critical stage involves a trial-like confrontation where defense counsel may help an accused cope with legal problems or meet his or her adversary. *Rothgery v. Gillespie County,* 554 U.S. 191, 212 n.16 (2008) (citing, inter alia, *U.S. v. Ash,* 413 U.S. 300, 312–13 (1973)).

Determining what is a critical stage is a fact-driven inquiry. That is, just because bail is 'set' by a magistrate does not mean a proceeding or event will be a critical stage. Here, the facts show that Galveston County's initial appearance process does not amount to a critical stage: a finding on indigence has not been made, arrestees *request* counsel at their initial appearance, and arrestees receive statutory warnings and the magistrate makes a non-adversarial determination of probable cause. Nor does an initial magistration invite an arrestee to be a "champion" for their release (Dkt. 267 at 25). Rather, information is considered on paper in a non-adversarial fashion, and if necessary, a bail-review hearing is held within 12 hours of initial magistration.

The PI Recommendation departs from Texas law, which has determined that an initial appearance under Article 15.17 is not a critical stage—that is, when an arrestee is informed of his or her rights and the charges, asked whether appointed counsel is requested,[2] and probable cause is determined. *See Green v. State,* 872 S.W.2d 717 (Tex. Crim. App. 1994) (Article 15.17 appearance is not a critical stage). In *Green v. State,* the

---

[2] The PI Recommendation erroneously states that a pauper's oath is completed after the initial appearance; it is completed at the initial appearance.

Texas Court of Criminal Appeals held that an initial appearance—at which a magistrate warned the defendant under Article 15.17 and made the initial finding of probable cause—was not a "critical stage." *Id.* at 722. In *Green,* the Court of Criminal Appeals stated, "[i]t would be odd indeed to require the presence of counsel at" an Article 15.17 hearing, explaining that, "[w]ith regard to the preservation of fairness and the assurance of effective assistance of counsel at trial, [the defendant] stood to gain nothing by the presence of, and risked losing nothing in the absence of, an attorney at his side during the Article 15.17 warnings." *Id.* at 721.

The PI Recommendation's conclusion that a magistrate's issuance of a bail order elevates an initial appearance to a critical stage is not founded in the facts. Rather, the magistrate considers information before them, including the charge and the arrestee's ability to pay, before setting bail—*if* the magistrate has jurisdiction to set or alter bail.

The initial bail setting at Galveston County jail does not adversely affect the ultimate disposition of a charge. It is not a trial-like confrontation, it is not hotly contested, no plea is taken, and does not reduce trial to a mere formality or settle accused's fate. The proceeding does not, as Plaintiff has contended, have a serious impact on the course of a case. Because initial appearance is not a critical stage, even if a magistrate sets bail or other conditions of release, mandatory injunctive relief should not issue.

**II.    There is no likelihood of success on the merits with respect to the PI Recommendation on the Sixth Amendment issue, as there is no irreparable harm.**

There is no substantial threat of irreparable harm to substantiate mandatory preliminary injunctive relief. Booth's own experts have admitted they have no studies to

8

show that there is a worse outcome for an arrestees detained 24 hours or less. This means there is no evidence that an arrestee who waits up to 24 hours for a bail-review hearing suffers more harm than an arrestee who is released following initial magistration. Thus, Galveston County's procedures ensure not only speedy consideration of pretrial release, but also the speedy appointment of defense counsel to indigent arrestees who have stated they cannot afford release or counsel. For these reasons, there is no "risk of erroneous pretrial detention" (Dkt. 267 at 24), as defense counsel is available for indigent defendants at bail review hearings within 24 hours of arrest. An increased likelihood of an incriminating statement at an uncounseled initial appearance (Dkt. 267 at 26), being greater than what might exist at known non-critical stages such as fingerprinting or blood draws, is not supported by the record, and does not meet the test of a substantial threat of irreparable injury required to order mandatory injunctive relief. Rather, Galveston County provides numerous opportunities to correct uncounseled bail-setting errors within constitutional timelines. The uncontested evidence from the magistrates that, absent jurisdictional issues, subsequent rulings are not bound by prior requests or decisions. Plaintiff's own experts testified that magistrates use their discretion when setting bail, whether at initial magistration or at bail review hearings, and Plaintiff's declarants never contend it is impossible to modify a bail order. Thus, the existence of an anchoring effect is unsupported by the record.

There is an absence of serious threat of irreparable harm due to uncounseled statements at magistration, because arrestees are advised of their rights, including the right to remain silent. The facts establish that an accused at initial magistration is advised of their

9

rights by the magistrate. There is no evidence that a magistrate's warning to remain silent is any less effective than the same warning from defense counsel. Additionally, any right can be waived, and even Plaintiff's expert from Bexar County admitted defendants sometimes choose to speak in court, even with defense counsel present, and even after being advised not to speak.

Because there is no substantial threat of irreparable harm, the PI Recommendation as to the Sixth Amendment should not be adopted.

### III. The injunction requires that indigent felony arrestees have defense counsel at initial appearance, meaning indigent felony arrestees may miss earlier opportunities for initial appearances.

The PI Recommendation would impede the swift release of arrestees, and operate to delay such release for indigent felony arrestees. For this reason, an injunction would be adverse to the public interest by prolonging pretrial detention until a determination on indigence is made, and then a potentially longer delay until defense counsel can appear. Thus, the PI Recommendation may result in postponing the setting of bail or other nonfinancial conditions of release an additional 12 hours or longer after the arrestee's first opportunity for initial magistration. If Plaintiff's goal is to obtain the speedy release of felony arrestees, the PI Recommendation could unnecessarily prolong pretrial detention.

### IV. The lawsuit does not include municipalities as defendants, and thus the PI Recommendation must be clarified to state it does not apply to municipal magistrations conducted outside of Galveston County jail, or to warrant arrests.

The PI Recommendation cannot apply to felony arrestees who are magistrated prior to arriving at Galveston County jail. Municipalities are not part of this lawsuit, and are not

10

controlled by, or agents of, Galveston County. Nor are arrestees detained on a warrant addressed in the PI Recommendation, where bail is already set and Galveston County jail magistrates lack jurisdiction to alter that bail order. The recommended mandatory injunction needs to clearly state that it has no application to outside municipalities, or to warrant arrests.

## V. The PI Recommendation erroneously conflates unaffordability with indigency.

The PI Recommendation does not address the distinction between indigency for purposes of appointing counsel and unaffordable secured money bail. By requiring defense counsel at initial appearance, the PI Recommendation would have the effect of delaying such appearance until after it is determined whether that person can afford defense counsel. That same person, however, may be able to afford pretrial release, whether through a bail bond issued after secured money bail is ordered, or through other means.

## VI. The PI Recommendation erroneously includes relief for an unasserted violation of the Fifth Amendment right against self-incrimination.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." *Estelle v. Smith*, 451 U.S. 454, 462 (1981). The Fifth Amendment "serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves." *Miranda v. Arizona*, 384 U.S. 436, 467 (1966). By contrast, the Sixth Amendment provides that defendants have the right to "the assistance of counsel for his defense." U.S. CONST. amend. VI. Arrestees "need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the

accused's right to a fair trial." *Estelle*, 451 U.S. at 469–71.

Plaintiff never raised a Fifth Amendment challenge against self-incrimination due to statements made at an initial bail setting. Yet, the prospect of waiving the right against self-incrimination is afforded considerable deference in the PI Recommendation. Importantly, the possibility of an accused making an incriminating statement after being advised of his or her rights cannot transform an event into a critical stage, without making every moment after arrest into a critical stage. Such conclusion is not supported in caselaw: there is no Sixth Amendment right to counsel at fingerprinting, blood sampling or clothing or hair collection. Thus, the potential for an accused making a statement at an initial appearance cannot support mandatory injunctive relief.

## PRAYER

For these reasons, the District Attorney respectfully asks the Court to sustain his objections and refuse to order a preliminary injunction with respect to the appointment of counsel at initial appearances in Galveston County jail that concern conditions of pretrial release. The District Attorney asks for any and all other relief to which he may be entitled, at equity or law.

        Respectfully Submitted,

        GREER, HERZ & ADAMS, L.L.P.

By:   /s/ *Andrew Mytelka*
      Andrew Mytelka
      Fed. ID No. 11084
      State Bar No. 14767700
      amytelka@greerherz.com
      Joseph Russo
      Fed. ID No. 22559
      State Bar No. 24002879
      jrusso@greerherz.com
      Angela Olalde
      Fed. ID No. 690133
      State Bar No. 24049015
      aolalde@greerherz.com
      1 Moody Plaza, 18th Fl.
      Galveston, TX 77550-7947
      (409) 797-3200 (Telephone)
      (866) 422-4406 (Facsimile)

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this document has been served on all attorneys of record on  August 21, 2019 via the Court's electronic notification service.

        /s/ *Angela Olalde*