IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON BOOTH, *Plaintiff*, | § § § | |
| v. | § | Civil Action No. 3:18-cv-104 |
| GALVESTON COUNTY, *et al.*, *Defendants*. | § § § § | |

### DISTRICT COURT JUDGES' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

NOW COME Defendants District Court Judges of Galveston County (Collectively, the "District Court Judges"), by and through the undersigned Assistant Attorney General and file this Response to Plaintiff's Objection to the Report and Recommendation (ECF No. 275), and respectfully show the Court as follows:

## I.   Introduction

On August 7, 2019, Magistrate Judge Andrew Edison issued his Report and Recommendation (ECF No. 267) which recommended denying Plaintiff's first preliminary injunction motion (ECF No. 3-1) based on his Fourteenth Amendment claims and recommended granting his second preliminary injunction motion (ECF No. 205) based on his Sixth Amendment claims. Plaintiff and Defendants filed their respective objections.

## II.   Argument and Authorities

Any party may contest a Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the Report and

1

Recommendations. *See* Fed. R. Civ. P. 72. The Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* Fed. R. Civ. P. 72(b)(3).

### A. The Court Correctly Reviewed Galveston County's Current Bail Process

Galveston County revised its bail system to comply with the model injunction set out in *ODonnell II*, which has been operational since October 1, 2018. There was extensive testimony on this at the preliminary injunction hearing. Although Plaintiff does not believe that model meets constitutional muster, the magistrate found otherwise. ECF No. 267 at 15. The court found that it would be inappropriate to require more than the Fifth Circuit required under *ODonnell*, and the District Court Judges agree. Because the Galveston County bail system meets the procedural standards set down in *ODonnell*, Booth cannot show a substantial likelihood of success on his due process, equal protection, and procedural due process claims.

Plaintiff's voluntary cessation argument is both misplaced, because the Court did not find that Booth's claims are moot; and erroneous because it wrongly presumes governmental defendants are acting in bad faith. Absent compelling evidence to the contrary, a court is to presume that policy changes are legitimate and will not be reversed as soon as the litigation is dismissed. *Sossamon* v. *Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). Notably, Government officials "in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties." *Id*. This Court received testimony from Galveston County that it had revised its bail

procedures and had no plans to revert back to the previous system. This is adequate to assume that the policy is in place and that Galveston will continue to follow the revised system.

### B. Galveston County's Current Bail Process Must Only Pass Rational Basis Review

Despite Booth's claims to the contrary, "[d]etention of indigent arrestees and release of wealthier ones is not constitutionally infirm purely because of the length of detention." *ODonnell* v. *Goodhart*, 900 F.3d 220, 227 (5th Cir. 2018) (hereinafter "*ODonnell II*"). "An Equal Protection Claim that an indigent person spends more time incarcerated than a wealthier person is reviewed for a rational basis." *ODonnell II*, 900 F.3d at 226 (citing *Doyle* v. *Elsea*, 658 F.2d 512, 518 (7th Cir. 1981); *Smith* v. *U.S. Parole Comm'n*, 752 F.2d 1056, 1059 (5th Cir. 1985); *McGinnis* v. *Royster*, 410 U.S. 263, 270 (1973)); *see also Walker* v. *City of Calhoun*, 901 F.3d 1245, 1262 (11th Cir. 2018) ("Such scheme does not trigger heightened scrutiny under the Supreme Court's equal protection jurisprudence.").

Heightened scrutiny is only applicable when a bail system includes the *automatic* imposition of secured bail without meaningful consideration of other alternatives, *viz.*, an absolute deprivation of a right *because* of poverty without sufficient procedural safeguards. *Walker*, 901 F.3d at 1261; *ODonnell II*, 900 F.3d at 230.

Galveston's current bail process does not automatically impose bail and, also, includes the meaningful consideration of alternatives absent in *ODonnell I*: an initial individual assessment and subsequent bail review hearing with the assistance of

3

counsel. *See ODonnell* I, 882 F.3d at 546-549. At these hearings, magistrates weigh an arrestee's indigency, dangerousness, and flight risk to determine if alternatives to money bail could secure an arrestee's future appearance. TEX. CONST. art. I, § 11; TEX. CODE CRIM. PROC. art. 17.15. Under this current process, a poor arrestee suffers no "absolute deprivation" of the benefit he seeks, specifically being bailable by sufficient sureties. *Walker*, 901 F.3d at 1261-1262. Instead, he "must merely wait some appropriate amount of time to receive the same benefit as the more affluent." *Id*. After such delay this arrestee arguably receives preferential treatment, in at least one respect: being released on personal recognizance without having to provide any money security. Therefore, Galveston's new bail process does not trigger heightened scrutiny under the Supreme Court's equal protection jurisprudence. *M.L.B.* v. *S.L.J.*, 519 U.S. 102, 127 (1996) (explaining that wealth-based sanctions are impermissible when they are "not merely disproportionate in impact," but "[r]ather, they are wholly contingent on one's ability to pay"); *Ross* v. *Moffitt*, 417 U.S. 600, 616 (1974) (explaining that in a proceeding that involves indigents, "[t]he duty of the State . . . is not to duplicate the legal arsenal that may be privately retained by a criminal defendant . . . but only to assure the indigent defendant an adequate opportunity to present his claims fairly"); *San Antonio Indep. Sch. Dist.* v. *Rodriguez*, 411 U.S. 1, 24 (1973) (noting that mere diminishment of a benefit was insufficient to make out an equal protection claim: "[A]t least where wealth is involved, the Equal Protection Clause does not require absolute equality or precisely equal advantages"); *McGinnis*,

4

410 U.S. at 270 (examining a wealth based system that did not result in an absolute deprivation under rational basis).

Because Galveston's current process does not cause an absolute deprivation and heightened scrutiny is inapplicable, the current bail system must be reviewed only for a rational basis. *ODonnell II*, 900 F.3d at 226 (applying rational basis review to post *ODonnell I* bail system "because it is premised solely on inability to afford bail, as distinguished from inability to afford bail plus the absence of meaningful consideration of other possible alternatives"). Galveston undoubtedly has "a compelling interest in assuring the presence at trial of persons charged with crime." *Pugh* v. *Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1978); *see, e.g., Ex parte Anderer*, 61 S.W.3d 398, 404-05 (Tex. Crim. App. 2001) (en banc). Galveston may "requir[e] a bail bond or the deposit of a sum of money subject to forfeiture" as a condition of pretrial release in appropriate circumstances. *Stack* v. *Boyle*, 342 U.S. 1, 5 (1951); *see also* TEX. CONST. art. I, § 11. This use of bail is so "basic to our system of law" that the Texas Constitution specifically allows for release conditioned upon sufficient sureties. *Schilb* v. *Kuebel*, 404 U.S. 357, 365 (1971); *see also* TEX. CONST. art. I, § 11. In carrying out this legitimate interest, Galveston has implemented the exact procedural safeguards set down by the Fifth Circuit in *ODonnell I*. For Booth to succeed on his procedural claim, he must prove not only that the current system in Galveston lacks a rational basis, but also that the identical system created by the Fifth Circuit in *ODonnell I* fails to meet this deferential standard as well.

5

Considering these procedural safeguards, Booth's only remaining argument is that some arrestees may, after receiving the benefits of the current process, still not be able to afford bail. Yet "that is an equal protection claim consistently rejected on rational-basis review." *ODonnell II,* 900 F.3d at 227 (citing *McGinnis,* 410 U.S. at 270; *Smith,* 752 F.2d at 1059). In fact, *ODonnell I* "already found that the substantive right to release on 'sufficient sureties' is 'not purely defined by what the detainee can afford' and 'does not create an automatic right to pretrial release.'" *ODonnell II,* 900 F.3d at 226 (citing *ODonnell I,* 892 F.3d at 158).

### C. Booth's Substantive Due Process Claims Fail

In addition to his procedural claims, Booth asks this Court to create a substantive due process right under the Federal Constitution that is far broader than the right to be bailable upon sufficient sureties. He seeks to create an absolute right to pretrial release without monetary condition unless the government can prove by clear and convincing evidence that security is necessary.

Yet, as the Fifth Circuit has pointed out, no substantive right to be free from all wealth-based detention exists. *ODonnell II,* 900 F.3d at 225 ("Release might be warranted were 'one [to] assume[] a fundamental substantive due process right to be free from any form of wealth-based detention. But . . . no such right is in view.'"). Moreover, Booth cannot bring such a substantive due process claim because "the law requires 'that if a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment['s prohibition against excessive bail], the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Daves* v. *Dallas Cty.*, 341 F. Supp. 3d 688, 696

6

(N.D. Tex. 2018) (citing *Walker*, 901 F.3d at 1259; *United States* v. *Lanier*, 520 U.S. 259, 272 (1997)); U.S. CONST. AMEND. VIII).

Booth did not even attempt to raise an Eighth Amendment claim and did not contend he could prove a violation. Booth cannot impermissibly use substantive due process to circumvent the Eighth Amendment and this Court was correct in declining to issue a preliminary injunction based on this non-existent right.

### III.   Conclusion

For the foregoing reasons, the Court should overrule Plaintiff's objections and adopt Judge Edison's recommendation denying Plaintiff's motion for preliminary injunction with respect to his equal protection, and due process claims.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

/s/ *Dominique G. Stafford*
DOMINIQUE G. STAFFORD
State Bar No. 24079382 | So. Dist. ID: 3195055
ADAM ARTHUR BIGGS
Attorney-in-Charge
State Bar No. 24077727 | So. Dist. ID: 2964087
ENRIQUE M. VARELA
State Bar No. 24043971 | So. Dist. ID: 597626
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120 | Fax (512) 370-0667
Dominique.Stafford@oag.texas.gov
Adam.Biggs@oag.texas.gov
Enrique.Varela@oag.texas.gov

FRANCESCA A. DI TROIA
Assistant Attorney General
State Bar No. 24097596 | So. Dist. ID: 3278381
Office of the Attorney General
Tort Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080/ Fax (512) 370-9410
Francesca.DiTroia@oag.texas.gov

***Attorneys for Defendants Darring, Ellisor, Cox, Grady, Neves, and Robinson***

8

## CERTIFICATE OF SERVICE

    I hereby certify that on September 4, 2019, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the electronic case filing system with the Court which automatically provided notice to all attorneys of record.

                                                /s/ *Dominique G. Stafford*
                                                DOMINIQUE G. STAFFORD
                                                Assistant Attorney General