UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON BOOTH | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00104 |
| | § | |
| GALVESTON COUNTY, ET AL. | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION & PRELIMINARY INJUNCTION

Pending before the Court is the Memorandum and Recommendation of United States Magistrate Judge Andrew Edison. Dkt. 267. This case was referred to Judge Edison pursuant to 28 U.S.C. § 636(b)(1). *See* Dkt. 102. Pending before Judge Edison was Plaintiffs' Motion for Preliminary Injunction (Dkt. 3-1) and Plaintiff's Motion for Preliminary Inunction [sic] Requiring Counsel at Initial Bail Hearings (Dkt. 205).

All parties filed Objections to the Memorandum and Recommendation. *See* Dkts. 272–275. In accordance with 28 U.S.C. § 636(b)(1), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered the entire preliminary injunction record, including the legal briefing, exhibits, transcript of the preliminary injunction hearing, the arguments of the parties, the Memorandum and Recommendation, and the objections.

Plaintiff Aaron Booth contends that the Memorandum and Recommendation fails to address his substantive due process argument and denies his procedural due process argument without articulating the applicable legal standard. Assuming Booth is correct, the undersigned has carefully reviewed the preliminary injunction record and, nonetheless, finds that Booth has failed to demonstrate a substantial likelihood that he will prevail on his substantive due process and procedural due process claims. Booth also contends that Judge Edison failed to properly analyze whether Galveston County has demonstrated voluntary cessation of alleged unconstitutional policies. The Court disagrees. The Memorandum and Recommendation plainly and unambiguously holds that Galveston County has made significant post-filing revisions to its bail procedures which appear permanent in nature. To the extent there is any uncertainty, the Court holds that Galveston County has met its burden to demonstrate that the conduct challenged at the outset of this case will not recur.

The Court notes that the District Attorney argues in his objections that the proposed injunction "must be clarified to state it does not apply to municipal magistrations conducted outside of Galveston County jail, or to warrant arrests." Dkt. 274 at 15. In issuing the Preliminary Injunction, the Court modifies Judge Edison's proposed injunction to provide clarity as requested by the District Attorney.

The Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it, as modified by this order, as the opinion of the Court. It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 267) is **APPROVED AND ADOPTED, as modified,** in its entirety as the holding of the Court;

(2) The parties' Objections to Magistrate Judge's Report and Recommendation (Dkts. 272–275) are **OVERRULED**;

(3) The Motion for Preliminary Injunction (Dkt. 3-1) is **DENIED**;

(4) The Motion for Preliminary Inunction [sic] Requiring Counsel at Initial Bail Hearings (Dkt. 205) is **GRANTED**;

(5) The following Preliminary Injunction is issued:

- Galveston County must provide any indigent felony arrestee with counsel to represent the arrestee at the initial hearing concerning conditions of pretrial release. This does not apply, however, to municipal magistrations conducted outside of Galveston County jail, or to warrant arrests.

- The Court does not order injunctive relief against the magistrates or the District Attorney. The Court does not order injunctive relief against the District Court Judges in their judicial capacities, but rather does so in their policymaking capacities.

- This injunction will expire on the entry of a final judgment in this case, unless the Court orders otherwise. Any party may seek modification of the injunction by a written motion served on all counsel and on a showing of good cause.

- In issuing this injunction, the Court exercises its discretion under Federal Rule of Civil Procedure 65(c) to waive the bond requirement. As explained in *ODonnell v. Harris Cty.*, 251 F. Supp. 3d 1052, 1159–60 (S.D. Tex. 2017) and *Daves v. Dallas Cty.*, 341 F. Supp. 3d 688, 697–98 (N.D. Tex. 2018), waiving the bond requirement is appropriate because Plaintiff is indigent and has brought suit to enforce his constitutional rights.

It is so **ORDERED**.

SIGNED this day 11th day of September, 2019.

_____
George C. Hanks Jr.
United States District Judge