**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| AARON BOOTH, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:18-CV-00104 |
| § | | |
| GALVESTON COUNTY, et al., § | | |
| Defendants. § | | |

## DEFENDANTS' MOTION TO STAY

Defendants jointly file this request that the Court stay trial-court proceedings related to cause number 19-40395 before the Fifth Circuit Court of Appeals, which challenges the Court's class certification order and raises jurisdictional challenges of mootness, Article III standing, and the District Attorney's immunity ("Class Appeal"). Additionally, an interlocutory appeal from the Court's preliminary injunction concerning Plaintiff's Sixth Amendment claim is pending in cause number 19-40785 ("PI Appeal"). Defendants have conferred with counsel for Plaintiff, who is opposed to this Motion.

### Statement of the Issues to Be Ruled Upon

Defendants ask the Court to stay proceedings pending the resolution of the Class Appeal and the PI Appeal.

### Summary of the Argument

The pending interlocutory appeals deprive the Court of jurisdiction over the aspects of this case on appeal. Because the appeals concern every aspect of this case—including mootness, immunity, current bail procedures, and the legal question of whether initial

1

magistrations in Galveston County are a critical stage of trial, a stay of all proceedings is warranted. Any partial stay would risk intruding into territory where there is no jurisdiction.

**Argument**

A perfected interlocutory appeal divests the district court of jurisdiction over the aspects of the case on appeal. *See Alice v. Dusek*, 492 F.3d 563 (5th 2017); *see also United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980). Among the issues briefed and currently pending before the Fifth Circuit in the Class Appeal are:

- whether jurisdiction is lacking due to mootness, lack of Article III standing, and the District Attorney's immunity;

- whether the facts about the County's current procedures—which are evidenced in the appellate record pursuant to the Court's January 2019 hearing—support class certification;

- whether the class definition is overbroad; and

- whether the class-certification order satisfies Rule 23 requirements.

Because the Class Appeal concerns whether this case is moot with respect to Galveston County's current bail procedures, Defendants ask that the Court stay all proceedings with respect to Galveston County's current bail procedures. Not only has this Court been divested of jurisdiction over these issues due to the pending appeal, but if the same arguments and issues are raised at the same time before a court of appeals and district court, the potential for conflicting opinions and judicial inefficiency is high.

Additionally, the Class Appeal addresses whether the class definition is overbroad, and whether the class certification order satisfies Rule 23's requisites, including whether Booth is an adequate class representative. For these reasons, Defendants ask that the Court

stay trial court proceedings until after the Fifth Circuit has issued a ruling in the Class Appeal, including Booth's request to amend his complaint and raise new allegations on behalf of a class that is under review. Defendants incorporate their arguments made in response to Plaintiff's Motion to Amend, which is filed with this motion.

With respect to the District Attorney, his immunity arguments are currently pending in the Fifth Circuit. Therefore, proceedings against him in this Court should be stayed pending resolution of that issue on appeal. *See Williams v. Brooks*, 996 F.2d 728, 729 (5th Cir. 1993) (per curiam) ("we agree that Congressman Brooks' filing of the interlocutory appeal on the immunity issue divested the district court of jurisdiction to proceed against him"). As immunity is an entitlement to be free from the burdens of costly and time-consuming pretrial matters, that entitlement is lost if those costly and time-consuming issues proceed while an appeal is pending. *See Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985). Therefore, the Fifth Circuit has noted that the usual rule—that district courts are deprived of jurisdiction while an interlocutory appeal is pending—"applies with particular force in the immunity context." *Williams*, 996 F.2d at 730 n.2.

While Plaintiff has intimated that the Fifth Circuit lacks the ability to determine whether Plaintiff has Article III standing, the appellate court absolutely has the authority to review jurisdictional issues in a class certification appeal, *see Ward v. Hellerstedt*, 753 Fed. Appx. 236, 241 (5th Cir. 2018); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties").

With respect to the PI appeal, briefing has not yet been submitted. However, the arguments raised to this Court concern whether an initial magistration that includes a determination about pretrial release is a critical stage that requires the presence of defense counsel. This issue largely turns on undisputed facts and thus raises a significant legal question for the Fifth Circuit's review. While "the pendency of an interlocutory appeal from the denial of a preliminary injunction ordinarily does not divest the district court of jurisdiction to proceed with other aspects of the case, including its reaching a final decision on the merits," (*Hunt v. Johnson*, 90 Fed. Appx. 702, 704 (5th Cir. 2004) (per curiam)), the legal issue in the PI Appeal before the Fifth Circuit goes to the heart of Plaintiff's Sixth Amendment claim. Therefore, not only is there a valid question as to whether this Court retains jurisdiction over the Sixth Amendment claim at this time, but there is a valid concern that proceeding on Plaintiff's Sixth Amendment claim while the PI Appeal is pending would force Defendants to undergo potentially unnecessary and inefficient discovery and trial court proceedings if the Fifth Circuit determines that initial magistration in Galveston County is not a critical stage.

**Conclusion and Prayer**

Because both class certification and jurisdictional issues are pending before the Fifth Circuit, Defendants ask the Court to stay proceedings that concern Galveston County bail procedures—including discovery, motion practice, and amendment of pleadings. Defendants also ask that the Court stay all proceedings concerning the Sixth Amendment claim, as the legal question that is at the heart of that claim will be addressed in the PI

4

Appeal. Defendants ask for all other relief to which they may be entitled, whether at equity or law.

                                              Respectfully submitted,

*/s/ Paul A. Ready*
Paul A. Ready
Texas Bar No. 24066514
S.D. Tex. Federal ID No. 1838528
paul@ready.law
READY LAW FIRM, PLLC
1300 McGowen, Suite 120
Houston, Texas 77004
Tel. 713.814.3980
Fax. 713.814.3988

**COUNSEL FOR DEFENDANT GALVESTON COUNTY, TEXAS**

*/s/ Joseph M. Nixon*
Joseph M. Nixon
Federal Bar No. 1319
Texas State Bar No. 15244800

**ATTORNEY-IN-CHARGE FOR GALVESTON COUNTY, TEXAS**

MCLEOD, ALEXANDER, POWEL & APFFEL, A PROFESSIONAL CORPORATION

*/s/ Douglas W. Poole*_____
Douglas W. Poole
Texas State Bar No. 16115600
Southern District of Texas No. 619
Bryan R. Lasswell
TBA No. 00784450
Southern District of Texas No. 15715
802 Rosenberg, P.O. Box 629
Galveston, Texas 77553
409.763.2481, Ext. 116
Fax 409.762.1155
dwpoole@mapalaw.com

ATTORNEYS FOR DEFENDANTS, GALVESTON COUNTY MAGISTRATE JUDGES

| | |
|---|---|
| GREER, HERZ & ADAMS, L.L.P.<br><br>//s/ *Andrew Mytelka*<br>Andrew Mytelka<br>Fed. ID No. 11084<br>State Bar No. 14767700<br>amytelka@greerherz.com<br>Joseph Russo<br>Fed. ID No. 22559<br>State Bar No. 24002879<br>jrusso@greerherz.com<br>Angie Olalde<br>Fed. ID No. 690133<br>State Bar No. 24049015<br>aolalde@greerherz.com<br>1 Moody Plaza, 18th Fl.<br>Galveston, TX 77550-7947<br>(409) 797-3200 (Telephone)<br>(866) 422-4406 (Facsimile)<br><br>**Counsel for Hon. Jack Roady, Galveston County Criminal District Attorney** | **KEN PAXTON**<br>Attorney General of Texas<br>**JEFFREY C. MATEER**<br>First Assistant Attorney General<br>**BRANTLEY STARR**<br>Deputy First Assistant Attorney General<br>**DARREN L. MCCARTY**<br>Deputy Attorney General for Civil Litigation<br>**AMANDA J. COCHRAN-MCCALL**<br>Chief for General Litigation Division<br><br>*/s/ Adam Arthur Biggs*<br>**ADAM ARTHUR BIGGS**<br>Attorney-in-Charge<br>State Bar No. 24077727<br>Southern District ID: 2964087<br>**ENRIQUE M. VARELA**<br>State Bar No. 24043971<br>Southern District ID: 597626<br>**DOMINIQUE G. STAFFORD**<br>State Bar No. 24079382<br>Southern District ID: 3195055<br>Assistant Attorneys General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 463-2120 | Fax (512) 370-0667<br>Adam.Biggs@oag.texas.gov<br>Enrique.Varela@oag.texas.gov<br>Dominique.Stafford@oag.texas.gov<br><br>**FRANCESCA A. DI TROIA**<br>Assistant Attorney General<br>State Bar No. 24097596<br>Southern District ID: 3278381<br>Office of the Attorney General<br>Tort Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 463-2080/ Fax (512) 370-9410<br>Francesca.DiTroia@oag.texas.gov<br>ATTORNEYS FOR DEFENDANTS<br>DISTRICT COURT JUDGES |

6

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred regarding the substance of the relief requested in the foregoing motion, and counsel for Plaintiff OPPOSES such relief.

*/s/ Angie Olalde*

## **CERTIFICATE OF SERVICE**

I certify that on the 25th day of November, 2019, a true and correct copy of the foregoing was served on counsel for all parties of record via CM/ECF.

*/s/ Angie Olalde*