United States Courts
Southern District of Texas
FILED
August 03, 2022
Nathan Ochsner, Clerk of Court

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 12, 2022
Lyle W. Cayce
Clerk

No. 19-40395

AARON BOOTH, *on behalf of himself and all others similarly situated*,

*Plaintiff—Appellee*,

*versus*

GALVESTON COUNTY; HONORABLE KERRY NEVES; HONORABLE LONNIE COX; HONORABLE JOHN ELLISOR; HONORABLE PATRICIA GRADY; HONORABLE ANNE B. DARRING; HONORABLE KERRI FOLEY; HONORABLE JAMES WOLTZ; DISTRICT ATTORNEY JACK ROADY; STEPHEN W. BAKER; HONORABLE JARED ROBINSON,

*Defendants—Appellants.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-104

---

Before HIGGINBOTHAM, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-40395

This case originated when Aaron Booth was arrested and had his bail set by a magistrate judge in Galveston County at an amount he perceived as too high; additionally, Booth did not initially receive court-appointed counsel. He ultimately filed a Federal Rule of Civil Procedure 23(b)(2) class action against: (a) Galveston County District Court Judges; (b) Galveston County Magistrate Judges; (c) Galveston County Criminal District Attorney Jack Roady; and (d) Galveston County. Booth asserted Fourteenth Amendment Due Process and Equal Protection claims regarding the bail procedure and a related Sixth Amendment right to counsel claim. The district court ultimately certified the following class: "all people who are or will be detained in Galveston County jail on felony and state-jail felony charges because they are unable to pay secured bail set at magistration."[1] The defendants sought permission to appeal the district court's certification under Federal Rule of Civil Procedure 23(f), which was granted. *Booth v. Galveston County*, No. 19-90009 (5th Cir. Apr. 26, 2019) (per curiam).[2]

In the time that has passed since the class certification, some significant events have occurred, including the passage of Texas Senate Bill 6 addressing bail reform and this court's en banc opinion in *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022) (en banc).[3] While this appeal addresses only the class certification question, the jurisdictional questions raised by *Daves* and the mootness and potential alteration of the description of the class

---

[1] The term "magistration" is used in Galveston County to describe the process of appearing before a judge within a short time of initial arrest and incarceration.

[2] The district court granted a preliminary injunction that was also appealed but is pending before a different panel and not part of this appeal. *Booth v. Galveston County*, No. 19-40785 (5th Cir.).

[3] *Daves* addressed jurisdiction as to Dallas district court judges in the bail context, as well as the county. 22 F.4th at 542-45; *see also Arnone v. Dallas County*, 29 F.4th 262, 268-72 (5th Cir. 2022) (addressing jurisdiction over district attorneys).

No. 19-40395

raised by the Senate Bill impact this appeal, and we cannot ignore issues that affect subject matter jurisdiction.

The parties disagree about the impact of the intervening events on jurisdiction in this case. We conclude that the facts and potential differences are worthy of initial consideration by the district court. *See, e.g., Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017). Accordingly, we VACATE without prejudice the order certifying the class and REMAND to the district court for consideration of the jurisdictional questions (including mootness) in the first instance and then, if jurisdiction remains, determination in the first instance of whether an appropriate class remains for certification.