United States District Court
Southern District of Texas
**ENTERED**
July 05, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| AARON BOOTH, *on behalf of himself and all others similarly situated*, | § § § § | |
| Plaintiff. | § § | CIVIL ACTION NO. 3:18-cv-00104 |
| V. | § § | |
| GALVESTON COUNTY, *et al.*, | § § | |
| Defendants. | § § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me are motions to dismiss filed by the Galveston County Magistrate Judges, the Galveston County District Court Judges, the Criminal District Attorney for Galveston County, and Galveston County (collectively, "Defendants"). *See* Dkts. 331, 333, 336–337. I recommend that the motions to dismiss be **GRANTED**.

## **BACKGROUND**

Plaintiff Aaron Booth ("Booth") brings this putative class action to challenge the bail procedures in Galveston County. This Court previously denied motions to dismiss by each of these defendants. *See* Dkts. 151, 165. Subsequently, this Court certified a class consisting of "all people who are or will be detained in Galveston County jail on felony and state-jail felony charges because they are unable to pay secured bail set at magistration," *see* Dkts. 213, 227, and issued a preliminary injunction. *See* Dkts. 267, 279. Both the class certification order and the preliminary injunction were appealed to the Fifth Circuit.

While those appeals were pending, "some significant events . . . occurred, including the passage of Texas Senate Bill 6 addressing bail reform and [the Fifth Circuit's] en banc opinion in *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022) (en banc)." *Booth v. Galveston County*, No. 19-40395, 2022 WL 2702059, at *1 (5th Cir. July 12, 2022). The three-judge panel handling the class certification

appeal decided that "the jurisdictional questions raised by *Daves* and the mootness and potential alteration of the description of the class raised by the Senate Bill impact this appeal." *Id.* Accordingly, the Fifth Circuit vacated without prejudice the class certification order and remanded the case back to this Court "for consideration of the jurisdictional questions (including mootness) in the first instance and then, if jurisdiction remains, determination in the first instance of whether an appropriate class remains for certification." *Id.*

Following remand, I gave Booth an opportunity to amend his complaint. The Second Amended Complaint is now the operative pleading. *See* Dkt. 327. Defendants each moved to dismiss the Second Amended Complaint, and I heard oral arguments on February 27, 2023. Following the hearing on Defendants' motions, I received supplemental briefing from the parties. *See* Dkts. 354–355. On March 31, 2023, the Fifth Circuit issued a second en banc decision in *Daves*, a case in which a number of plaintiffs challenged Dallas County's bail procedures. *See Daves v. Dallas County* ("*Daves II*"), 64 F.4th 616 (5th Cir. 2023). The Fifth Circuit held in *Daves II* that plaintiffs' claims became moot as a result of the passage of Senate Bill 6 ("S.B. 6"), legislation that went into effect in September 2021, imposing uniform minimum procedural requirements on bail practices throughout the Lone Star State. *See id.* at 633–35. In *Daves II*, the Fifth Circuit also addressed the abstention doctrine, holding that *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny "require[] federal courts to abstain from revising state bail bond procedures on behalf of those being criminally prosecuted, when state procedures allow the accused adequate opportunities to raise their federal claims." 64 F.4th at 620. In light of *Daves II*, I asked the parties to provide "full briefing on how the Fifth Circuit's discussion of mootness and abstention impacts this case." Dkt. 356. The parties provided robust briefing on whether and how *Daves II* impacts this case. *See* Dkts. 357–359.

I have now had the opportunity to consider the voluminous briefing in this case, the parties' oral arguments, and the law. Defendants advance a number of

reasons why this action should be dismissed, but only one merits discussion: mootness. Right, wrong, or otherwise, the Fifth Circuit's holding in *Daves II* forecloses any further consideration of the claims in this matter.

## ANALYSIS

The Fifth Circuit vacated the class certification order in this case and instructed this Court to consider "jurisdictional questions (including mootness) ***in the first instance***." *Booth*, 2022 WL 2702059, at *1 (emphasis added). *Only* if jurisdiction remains am I to consider matters regarding class certification. Accordingly, questions of standing pertain to one person and one person only: Booth. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 333 (5th Cir. 2002) ("The question of Article III standing must be decided prior to the prudential standing and class certification issues.").

Although the end of Booth's criminal case did not render his claims moot, *see* Dkt. 151 at 8–10, the Fifth Circuit has clearly held that the passage of S.B. 6 rendered pre-S.B. 6 bail-practice-challenges moot. *See Daves II*, 64 F.4th at 635 ("[T]he provisions of S.B. 6 and their implementation are alleged to raise constitutional issues beyond the scope of this case and the circumstances of the plaintiffs who filed it. The case is moot."). Booth attempts to avoid this inevitable result with two arguments: (1) that he has sufficiently alleged deficient post-S.B. 6 procedures, and (2) that his Sixth Amendment right-to-counsel claim distinguishes this case from *Daves*. Neither argument carries the day.

I agree that Booth has alleged deficient post-S.B. 6 procedures. But Booth overlooks the fact "[t]hat [he] ha[s] not been subject to bail proceedings since years before the advent of S.B. 6[, which] calls into question [his] ability to pursue this litigation for ongoing injunctive relief as [an] injured part[y], much less class representative[]." *Id.* at 634. Because Booth was not magistrated after the implementation of S.B. 6, he "lack[s] a legally cognizable interest in the outcome." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Without a personal stake in this controversy, Booth is not entitled to "a fair opportunity to present and

contest evidence of S.B. 6's implementation." Dkt. 358 at 7. Fifth Circuit Judge Leslie H. Southwick put it best:

> The Texas legislature's adoption of new rules for addressing bail in trial courts has entirely changed the relevant factual and legal underpinnings for the dispute. If a federal district court is the proper venue for a challenge to those procedures, it needs to be based on a new complaint in a new lawsuit.

*Daves II*, 64 F.4th at 636 (Southwick, J., concurring).

Booth also tries to distinguish *Daves* by arguing that "rather than seeking relief beyond what [the Fifth Circuit] requires as a matter of *due process*, [Booth's] claim is premised on the Sixth Amendment *right to counsel*, a different right altogether." Dkt. 358 at 7. But the nature of Booth's claims does not change the fact that he is challenging a system that no longer exists. It is entirely possible that Galveston County's bail practices both before and after S.B. 6 fail to "measure[] up to [Booth's] proffered constitutional minima." *Daves II*, 64 F.4th at 635. But that is not the relevant jurisdictional threshold:

> The crux of this case is now whether the new state law, if applied assiduously by [Galveston] County magistrates, measures up to . . . constitutional minima. S.B. 6 is heavily procedural in nature, just like [Booth's] alleged claims . . . . Thus, both the provisions of S.B. 6 and their implementation are alleged to raise constitutional issues beyond the scope of this case **and the circumstances of the plaintiff[] who filed it**. The case is moot.

*Id.* (emphasis added). The excellent lawyers on both sides of this case have spent many years arguing these issues. I hate to recommend dismissal of this case after all this effort, but that is the result that *Daves II* compels.

Whether I agree with this result is completely irrelevant. I am required to abide by Fifth Circuit precedent, and the Fifth Circuit has spoken loudly and clearly. The proper vehicle to pursue claims that Galveston County's bail practices suffer from constitutional deficiencies *today* is a new lawsuit objecting to post-S.B. 6 bail proceedings by an individual who was subject to post-S.B. 6 practices. *See id.* at 654 (Southwick, J., concurring) ("Any future litigation about bail in [Galveston] County would need to address the new law labeled S.B. 6. . . . Those

procedures are the ones that now must provide adequate, timely mechanisms for adjudicating constitutional claims.").

## CONCLUSION

For the reasons stated above, I recommend that Defendants' motions to dismiss (Dkts. 331, 333, 336–337) be **GRANTED** and this case dismissed as moot.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 5th day of July 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE